IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERNA IP HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-CV-2408-L-BW** |
| | § | |
| **POCKETSTOP, LLC,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On December 22, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 29) was filed, recommending that the court **deny without prejudice** Defendant Pocketstop, LLC's ("Defendant") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ("Motion") (Doc. 18) and **grant** Defendant leave to file a motion for summary judgment after the close of fact discovery, and with the benefit of expert reports. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Brian McKay determined that this case is not one "where it is appropriate to resolve the § 101 eligibility of the asserted patent at the Rule 12(b) motion to dismiss stage." Report at 11-12. The court agrees.

In making his determination, Magistrate Judge McKay applied the two step *Alice* test. *See* Report (citing *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014)). First, Magistrate Judge McKay found the patent at issue to fall within the patent eligible subject-matter of 35 U.S.C. § 101. *Id.* at 12. Regarding the second step, he found that the court's analysis "would benefit from a robust factual record developed through the discovery process" and such a determination at this

Order – Page 1

stage would be premature. *Id.* at 13-14. "Delaying the patent eligibility inquiry would allow the [court] to spend more time with the '932 patent, developing a more complete understanding of the nuances of its claimed process through claim construction, the discovery process, and the filing of subsequent motions." *Id.* at 16. Magistrate Judge McKay concluded that proper claim construction is needed so that this action is not prematurely disposed of in a motion to dismiss and, "as pleaded, factual allegations remain sufficient to defeat the motion to dismiss. But ATAC should be granted leave to file a motion for summary judgment after the close of fact discovery and with the benefit of expert reports." *Id.* at 18. The court agrees.

After considering the pleadings, file, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies without prejudice** Defendant's Motion and **grants** Defendant leave to file a motion for summary judgment after the close of fact discovery, and with the benefit of expert reports.

**It is so ordered** this 25th day of March, 2026.

Sam A. Lindsay
United States District Judge

Order – Page 2